[No. 5771.]

### HANNAN v. HANNAN.

**Bills and Notes—Payment to Other than Holder—Effect.**

In an action against defendant on certain promissory notes, a third person intervened and established ownership of the notes. Held, that defendant was not entitled to credit on the notes for costs and attorney"s fees in defending against plaintiff.—P. 79.

*Appeal from the District Court of the City and County of Denver.*
*Hon. Peter L. Palmer, Judge.*

Action by Thomas S. Mackenzie against George E. Hannan, in which Emma Hannan intervened. From a judgment for intervenor, defendant appeals.

*Affirmed.*

Mr. N. Q. TANQUARY, for appellant.

No appearance for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

Suit was brought by Thomas S. Mackenzie against Hannan, the appellant here, in the county court of the city and county of Denver. The trial resulted

in a judgment in favor of the plaintiff, and the defendant appealed to the district court. In the district court E. E. Hannan, the appellee here, filed her petition in intervention, claiming to be the owner of the notes, the basis of the action, and judgment was finally rendered in her favor in the sum of $870.83. From this judgment the defendant appealed to the court of appeals. The regularity of the proceedings in intervention is not questioned, and the correctness of the judgment is the only matter presented for our consideration. The notes in controversy were notes of the defendant given for a valuable consideration to the intervenor in settlement of their affairs. He does not dispute the execution of the notes, nor the ownership of the intervenor, but declares that he has reduced the amount thereof by payments made thereon from time to time.

It seems that the defendant induced the intervenor to come to Denver from Montana for the purpose of testifying in the suit brought by Mackenzie against him, and the defendant paid her expenses and paid her money while in Colorado. He claims that much of the money so paid was paid on the notes; while she claims that the money was not paid on the notes, but was paid in pursuance to an agreement to pay her expenses if she came to Colorado, and also in part payment of alimony awarded her. The defendant offered to show that he had paid certain costs and attorney's fees in the suit brought against him by Mackenzie, and claimed credit on the notes for the amount so paid. This offer the court refused; and, as the payments were not paid at the request of the defendant, and as between the defendant and intervenor were altogether voluntary, the court did not err in excluding the testimony offered.

Counsel claims that the judgment is excessive.

The judgment was for the amount due as shown by the face of the notes, and the jury gave the defendant no credit for payments alleged to have been made. The intervenor's testimony supports the verdict. She testified that no payments whatever had been made upon the notes, and that the money paid her by the defendant was paid for other purposes than that of reducing the amount of the notes.

As the testimony of the intervenor is sufficient to support the verdict, the judgment will not be disturbed, and it is therefore affirmed.        *Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HELM concurring.